WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Edmond Sung (State Bar No. 252445)
1960 E. Grand Avenue, Suite 400
El Segundo, CA  90245
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
E-mail: aagness@wmattorneys.com
        esung@wmattorneys.com

Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY INSURANCE
COMPANY erroneously sued and served as
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKE GEORGE, LLC AND ROBERT W. HIRSH, <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; MALCOLM BROWN dba MALCOLM BROWN INSURANCE AGENCY; MALCOLM BROWN INSURANCE AGENCY, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 2:20-cv-6504 <br><br> **DEFENDANT TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Travelers Property Casualty Insurance Company, erroneously named and served as Travelers Casualty Insurance Company of America (hereinafter "Travelers"), hereby removes to this Court the state court action described below.

1.      On or about December 20, 2019, Plaintiffs Lake George, LLC and Robert W. Hirsh ("Plaintiffs") commenced an action in the Superior Court of the

1

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

State of California in and for the County of Los Angeles, West District, entitled <u>Lake George, LLC and Robert W. Hirsh v. Travelers Casualty Insurance Company of America, et al.</u>, Case No. 19SMCV02196 (hereinafter "State Action").  A true and correct copy of the State Action Complaint ("Complaint") is attached hereto as Exhibit "1."

2. On January 3, 2020, Plaintiffs served a copy of the Summons and Complaint on Travelers' agent for service of process, Corporation Service Company, via personal service.  A true and correct copy of the Summons and Notice of Service of Process indicating service by personal service on Travelers' agent for service of process, Corporation Service Company, on January 3, 2020, are attached hereto as Exhibit "2."

3. Travelers removes this action to this division of the Central District because the State Court Action was pending in Los Angeles County Superior Court.

4. This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. As alleged in the Complaint, Plaintiffs are, and at all relevant times herein were, a California limited liability company doing business in Los Angeles County, California and citizens of the State of California.  [<u>See</u> Exh. 1, ¶¶ 1-2]. According to records from the California Secretary of State, the only member of Lake George is Robert Hirsh who is, and at all relevant times herein, was a citizen of the State of California. [<u>See</u> Request for Judicial Notice, Exh. 3].

6. Travelers is, and at all relevant times was, a Connecticut Corporation, with its principal place of business in Hartford, Connecticut.  [Exh. 1, ¶ 3; Request for Judicial Notice, Exh. 4.]

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

7.     In addition, Plaintiffs named as defendants, Malcolm Brown dba Malcolm Brown Insurance Agency and Malcolm Brown Insurance Agency (hereinafter, "Malcolm Brown").  Malcolm Brown is a citizen of California, and therefore a citizen of the same state as Plaintiffs.

8.     On June 22, 2020, during a Case Management Conference in the State Action, Plaintiffs voluntarily dismissed Malcolm Brown.  [Declaration of Edmond Sung, ¶ 3].  With the dismissal of Malcolm Brown, diversity between Plaintiffs and Travelers exists at the time of this removal.

9.     Diversity between Plaintiffs and Travelers existed both at the time the action was commenced in state court and at the time of removal.

10.     Removal is timely as it is within thirty (30) days after Plaintiffs dismissed Malcolm Brown on June 22, 2020, and within one year from the date the original Complaint was filed on December 20, 2019.

11.     The amount in controversy as between Plaintiffs and Travelers exceeds $75,000.  According to the Complaint, Plaintiffs contend that Travelers failed to pay a total of $253,320 in attorneys' fees owed under the policy.  Plaintiffs seek compensatory damages of at lease $2,000,000.00 against Travelers.  [Exh. 1, ¶ 142; prayer for judgment against Travelers, ¶ 1.]

/ / /
/ / /
/ / /

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

12.   Attached hereto as Exhibit "5" are true and correct copies of all other notice, process, and proceedings served on Travelers in the State Action.  To the knowledge of Travelers, the only hearing that has taken place is in the State Action is the aforementioned Case Management Conference on June 22, 2020.

Dated:  July 21, 2020                              WESTON & McELVAIN LLP


By:  **s/ Edmond Sung**

Aaron C. Agness
Edmond Sung
Attorneys for Defendant
TRAVELERS PROPERTY
CASUALTY INSURANCE COMPANY
erroneously sued and served as
TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

# EXHIBIT "1"

Exhibit 1
Page 5

19SMCV02196

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Mark Young

Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2019 01:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon,Deputy Clerk

1  MARK J. GERAGOS SBN 108325
   BEN J. MEISELAS SBN 277412
2  GERAGOS & GERAGOS, APC
   644 South Figueroa Street
3  Los Angeles, California 90017
   Telephone: 213-625-3900
4
5  **Attorneys for Plaintiffs Lake George, LLC and Robert W. Hirsh**

6  ROBERT W. HIRSH, SBN 102731
   ROBERT W. HIRSH & ASSOCIATES
7  8383 Wilshire Boulevard, Suite 510
   Beverly Hills, California 90211
   Telephone: 310-275-7800
8
9  **Attorneys for Plaintiff Lake George, LLC**

10              **SUPERIOR COURT OF CALIFORNIA**

11        **COUNTY OF LOS ANGELES, WEST DISTRICT**

12  **LAKE GEORGE, LLC AND**          ) CASE NO.  19SMCV02196
    **ROBERT W. HIRSH,**              )
13                                    ) **COMPLAINT FOR:**
              **Plaintiff,**          )
14                                    ) **1. Breach of Written Contract**
              v.                      ) **2. Breach of Implied Covenant of**
15                                    )    **Good Faith and Fair Dealing**
    **TRAVELERS CASUALTY**            ) **3. Negligence**
16  **INSURANCE COMPANY OF**          )
    **AMERICA; MALCOLM BROWN**        )
17  **dba MALCOLM BROWN**             )
    **INSURANCE AGENCY;**             )
18  **MALCOLM BROWN INSURANCE**       )
    **AGENCY AND DOES 1-10, inclusive.** )
19                                    )
              **Defendants**          )
20  _____ )

21

22

23

24

25

26

27

28

1
COMPLAINT

**Exhibit 1**
**Page 6**

1       Plaintiffs Lake George, LLC ("LG") and Robert W. Hirsh ("Hirsh") (collectively
2   "Plaintiffs") allege:
3       1. LG is and at all relevant times was a limited liability company organized under
4   the laws of the State of California and doing business in Venice and Beverly Hills,
5   California.
6       2. Hirsh is and at all relevant times was an attorney doing business in Beverly
7   Hills, California as a sole proprietorship.
8       3. Defendant Travelers Casualty Insurance Company of America ("Travelers") is
9   and at all relevant times was a property and casualty company organized under the laws of
10  the State of Connecticut and is authorized to do business and is doing business as an
11  insurer in the State of California.
12      4. The true names and capacities of defendants sued herein as Does 1 through 10,
13  inclusive are unknown to Plaintiffs, who therefore sue them under such fictitious names.
14  Plaintiffs will seek leave of court to amend this complaint to set forth their true names
15  and capacities when their true names and capacities are ascertained. Plaintiffs allege that
16  each fictitiously named defendant acted or failed to act in such a manner that each has
17  contributed in proximately causing the damages to Plaintiffs as herein alleged.
18      5. LG is and at all relevant times was the owner of a single family residence
19  commonly known as 1012 Indiana Court, Venice, California ("the Property").
20                      **THE TRAVELERS INSURANCE POLICY**
21      6. In consideration of yearly premiums that it received concerning the Property,
22  Travelers issued landlord insurance policy number 933858053-663-1 with effective dates
23  of November 6, 2015 to November 6, 2016[1] to non-party Modim LLC ("Modim"), who
24  formerly owned the Property. LG subsequently acquired title to the Property, and the
25  named insured on the policy was changed to LG, effective November 6, 2015 pursuant to
26
27
28      [1]The dates and policy number is alleged upon information and belief, and is borrowed from Travelers' June
    7, 2018 Reservation of Rights Letter to LG.

2<br>COMPLAINT

Exhibit 1<br>Page 7

1    a change endorsement processed by Travelers on or about February 4, 2016[2].

2        7. In consideration of additional premiums, the policy was renewed for the period

3    November 6, 2016 to November 6, 2017, with LG as the insured, and then for the period

4    November 6, 2017 to November 6, 2018[3]. The originally issued policy and all updates

5    shall collectively be referred to as "the Policy."

6        8. At all relevant times, Hirsh was an additional insured under the Policy in his

7    capacity as being one of the members of Modim and LG and a former owner of the

8    Property.

9              **THE TENANCY GIVING RISE TO THE DISPUTE**

10                    **CONCERNING THE PROPERTY**

11        9. On or about August 18, 2009, non-parties Nathan Blumenfeld-James aka Nathan

12    Blumenfeld James aka Nathan James ("Tenant Nathan"), Ariana Jenya Blumenfeld-James

13    aka Ariana James aka Ariana J. McLaughlin ("Tenant Ariana"), and Dustin Bath ("Tenant

14    Bath") (collectively "Tenants"), as lessees on the one hand, and Hirsh, who owned the

15    Property at that time on the other hand, entered into a written lease ("Initial Lease"),

16    which provided, among other things, that Tenants would lease the Property for two years

17    from Hirsh.

18        10. Paragraph 14 of the Initial Lease contains an attorney's fees provision, which

19    provides that if legal action is brought by any of the parties to the Initial Lease, the

20    prevailing party is entitled to recover reasonable attorneys' fees and costs.

21        11. On or about August 1, 2011, Tenants and Hirsh as lessor, entered into a first

22    written lease extension, which extended and renewed the Initial Lease to August 31,

23    2012.  Other than modifying certain financial terms, this first written extension adopted

24    and incorporated all of the germane terms of the Initial Lease, including its attorney's fees

25    provision.

26        12. On or about July 2, 2012, Tenants and Hirsh as lessor, entered into a second

27    

28    

---

[2] *Id.*

[3] *Id.*

3

**COMPLAINT**

Exhibit 1
Page 8

1  written lease extension, which further extended and renewed the Initial Lease to August

2  31, 2013. Other than modifying certain financial terms, the second written extension

3  adopted and incorporated all of the terms of the Initial Lease, including its attorney's fees

4  provision.

5      13. On or about October 23, 2012, Hirsh conveyed the Property to Modim. After

6  Hirsh conveyed the Property to Modim, Modim retained Hirsh as its attorney and agent to

7  interface with Tenants on Modim's behalf.

8      14. On or about October 29, 2012, Hirsh assigned his leasehold rights relating to

9  the Property to Modim, which, was disclosed to Tenants in or about October 2012.

10     15. On or about June 21, 2013, Tenants and Modim entered into a third partially

11  written and partially oral lease extension, which further extended and renewed the Initial

12  Lease to August 31, 2015. Hirsh executed the third extension on behalf of Modim as its

13  attorney and agent. Tenant Nathan and Tenant Ariana executed this third extension on

14  behalf of Tenants. Bath refused to execute the third lease extension, although he remained

15  in possession of the Property as a tenant. Other than modifying certain financial terms, the

16  third extension adopted and incorporated all of the germane terms of the Initial Lease

17  including its attorney's fees provision.

18     16. On or about April 27, 2015, Tenants and Modim entered into a partially written

19  and partially oral fourth lease extension, which further extended and renewed the Initial

20  Lease to August 31, 2017. Hirsh executed this fourth extension on behalf of Modim as its

21  attorney and agent. Tenant Nathan and Tenant Ariana executed this fourth extension on

22  behalf of Tenants. Bath refused to execute the fourth extension, although he remained in

23  possession of the Property as a tenant. Other than modifying certain financial terms, this

24  extension adopted and incorporated all of the germane terms of the Initial Lease,

25  including its attorney's fees provision.

26     17. On or about November 3, 2015, Modim conveyed the Property to LG.

27     18. On or about November 4, 2015, Modim assigned its leasehold rights relating to

28  the Property to LG, which was disclosed to the Tenants in or about November 2015.

4<br>COMPLAINT

**Exhibit 1**<br>**Page 9**

1      19. After Modim conveyed the Property to LG, LG retained Hirsh as its attorney

2  and agent to interface with the Tenants on LG's behalf.

3      20. At all times, after LG owned the Property, Hirsh acted as LG's attorney and

4  agent when dealing with the Tenants.

5      21. On or about December 2, 2016, Tenants and LG entered into a fifth partially

6  written and partially oral lease extension, which further extended and renewed the Initial

7  Lease to April 30, 2019. The Initial Lease and the fifth extension shall collectively be

8  referred to as "the Lease." Hirsh executed the fifth extension on behalf of LG. Tenant

9  Nathan and Tenant Ariana executed the fifth extension on behalf of Tenants. Bath refused

10  to execute the fifth extension, although he remained in possession of the Property as a

11  tenant. Other than modifying certain financial terms, the fifth extension adopted and

12  incorporated all of the germane terms of the Initial Lease, including its attorney's fees

13  provision.

14             **GERMANE FACTS LEADING TO THE FILING OF**

15                   **THE TENANT CASE[4]**

16      22. In or about mid-October 2017, Tenant Nathan telephoned Hirsh, and said that

17  the Tenants intended to vacate the Property in the near future, because Tenant Nathan and

18  Tenant Ariana had just bought a new home in Culver City California ("New House"), and

19  they could not afford to economically maintain two properties.

20      23. Within this same conversation, Tenant Nathan asked Hirsh to ask LG whether

21  LG would agree to end the Lease early, i.e. before April 30, 2019, which was the fifth

22  extension's end date, so that Tenant Nathan and Tenant Ariana would not have to

23  simultaneously pay future rent to LG on the Property and debt service on the New House.

24      24. In response, in this same conversation, Hirsh told Tenant Nathan that he

25  anticipated that LG would not agree to end the Lease early, but that he would inquire, and

26  respond to Tenant Nathan shortly.

27

28        [4]*Ariana James and Nathan James v. Robert Hirsh and Does 1-25, inclusive, LASC Case No. SC 128941* ("the Tenant Case").

**Exhibit 1
Page 10**

1    25. Hirsh had this conversation with Tenant Nathan in his capacity as LG's

2    attorney, and Hirsh told this to Tenant Nathan.

3    26. Shortly thereafter, Hirsh telephoned Tenant Nathan and told him that LG

4    would not agree to terminate the Lease early and that Tenants were required to meet all of

5    their contractual obligations to LG under the Lease.

6    27. Within this same conversation, Tenant Nathan asked Hirsh 'what would LG do

7    if the Tenants moved and did not make additional rent payments under the Lease.'

8    28. Hirsh responded by stating that LG would sue Tenants for all monies and

9    obligations owing by Tenants to LG under the Lease, and that Tenants would be

10    responsible for LG's attorney's fees, including Hirsh's, under the Lease's attorney's fees

11    provision. Hirsh had this conversation with Tenant Nathan in his capacity as LG's

12    attorney, and he specifically told this to Tenant Nathan.

13    29. Over the next few months, i.e. from in or about October 2017 through January

14    2018, Tenant Nathan telephoned Hirsh several more times, and complained that because

15    he and Tenant Ariana had bought the New House, they could not afford to simultaneously

16    pay the rent owing under the Lease, and the debt service relating to their New House. On

17    a few occasions, Tenant Nathan stated that Tenants might stop paying rent owing under

18    the Lease.

19    30. In response, Hirsh:

20        a. told Tenant Nathan that New House was not LG's concern; and,

21        b. demanded that Tenants meet their legal obligations to LG under the

22    Lease, and if they failed to do so, LG would sue Tenants to enforce its rights under the

23    Lease, including recovery of attorney's fees and costs.

24    Hirsh had these conversations with Tenant Nathan in his capacity as LG's attorney,

25    and he specifically told this to Tenant Nathan.

26    31. Upon information and belief, Tenants physically moved out of the Property and

27    into New House in or about late October 2017.

28    32. On or about November 20, 2017, Tenants surrendered possession of the

6
**COMPLAINT**

Exhibit 1
Page 11

1  Property to LG, but the Lease did not terminate. LG did not terminate the Lease.

2      33. As of November 20, 2017, LG discovered that the Property had sustained

3  damages beyond ordinary wear and tear, which, resulted in LG having legally enforceable

4  causes of action for damages against Tenants in an amount no greater than $35,000.00.

5      34. In several conversations between Tenant Nathan and Hirsh from in or about

6  October 2017 through in or about late January 2018, Hirsh told Tenant Nathan that:

7          a. after LG completed its necessary repairs to restore the Property to a

8  rentable condition, it would be hiring a realtor to list and re-rent it, and Tenants would be

9  responsible to LG for reimbursement of any realtor fee; and,

10          b. at the conclusion of repairs, LG would be presenting Tenants with a final

11  bill for repairs for damages beyond ordinary wear and tear, and Tenants would be

12  responsible to reimburse LG for these monies.

13      35. After Tenants' November 20, 2017 surrender of the Property, they paid their

14  December 2017 and January 2018 rent as required under the Lease.

15      36. On or about January 29, 2018, Tenants repudiated the Lease as follows:   a

16  man, who identified himself as Jason Pollack ("Pollack") telephoned Hirsh, and said,

17  among other things, that:

18          a. he is an attorney and represents Tenant Nathan and Tenant Ariana;

19          b. Tenant Nathan and Tenant Ariana would not pay any further rent under

20  the Lease;

21          c. Tenant Nathan and Tenant Ariana demanded the return of Tenants'

22  security deposit; and,

23          d. Tenant Nathan and Tenant Ariana were willing to "walk away" from the

24  Lease with complete releases between LG and them.

25      37. In response, Hirsh told Pollack, among other things, that:

26          a. Hirsh represented LG as its attorney;

27          b. the Lease was active and in force. Hirsh identified LG as the Property's

28  owner and landlord, and said that LG never terminated the Lease;

Exhibit 1
Page 12

1          c. LG would not agree to terminate the Lease early;

2          d. if Tenants failed to meet any of their legal obligations to LG under the

3 Lease, LG would sue them and,

4          e. if LG had to sue Tenants, it would seek recovery of its attorney's fees

5 under the Lease's attorney's fees provision.

6    38. Tenants did not pay their rent due on February 1, 2018 and did not pay any

7 subsequent rent due under the Lease.

8                          **THE MERITLESS TENANT CASE**

9    39. After Tenants' January 29, 2018 Lease repudiation, and in particular, in or

10 about early February 2018, LG decided to sue Tenants for their various Lease breaches,

11 including unpaid rent, late fees, other incidental and consequential damages, and for

12 damages relating to the surrendered condition of the Property, which was well beyond

13 ordinary wear and tear. LG communicated this to Tenant Nathan and Pollack.

14    40. Before Landlord filed its intended lawsuit against Tenants, on March 2, 2018,

15 in a preemptive strike, Tenant Nathan and Tenant Ariana sued Hirsh, (but not LG) in

16 litigation entitled: *Ariana James and Nathan James v. Robert Hirsh and Does 1-25,*

17 *inclusive, LASC Case No. SC 128941* ("the Tenant Case"), which, arose out of Tenant

18 Nathan and Tenant Ariana's tenancy at the Property[5]. The Tenant Case incorrectly alleged

19 Hirsh to be the landlord as LG's alter ego, and contained the following four causes of

20 action:

21          a. the first cause of action for failing to provide habitable premises. It

22 alleged, among other things, that 'during Tenant Nathan and Tenant Ariana's tenancy at

23 the Property, they experienced substantial defective conditions at the Property, of which,

24 Hirsh had actual knowledge of, but failed to repair/correct them, thus constituting

25 habitability violations (sic)';

26          b. the second cause of action for negligence. This also relates to

27 habitability;

28

---

[5] The Tenant Case was venued in the West District of the Los Angeles Superior Court.

**COMPLAINT**

Exhibit 1
Page 13

1          c. the third cause of action for Intentional Infliction of Emotional Distress

2    ("IIED"). Tenant Nathan and Tenant Ariana alleged that 'after they vacated the Property,

3    Hirsh began a campaign of harassment against them, including sending threatening

4    e-mails, phone calls, and text messages, in which they claim to have suffered emotional

5    and physical distress' and;

6          d. the fourth  cause of action for Hirsh's alleged violation of Civil Code

7    Section 1950.5 for not:

8          1. returning Tenant's security deposit after Tenant Nathan and

9    Tenant Ariana vacated the Property;

10         2. giving Tenants written notice of their right to an initial Property

11   inspection; and,

12         3. providing Tenants with an itemized statement of damages.

13   The fourth cause of action pleads that 'since Hirsh violated Civil Code Section 1950.5, he

14   must return Tenant's security deposit and is liable for twice the amount of the security

15   deposit, i.e. $17,000.00'.

16       41. The entirety of the Tenant Case is and was false and meritless for all of

17   the following reasons:

18         a. The Property never had any habitability issue at any time;

19         b. Tenants never made any habitability complaint to LG, Modim or Hirsh at

20   any time, **since none ever existed**. To the contrary, in 2016 and 2018, Tenant Nathan sent

21   Hirsh a series of emails, stating how much Tenants loved the Property and wanted to stay

22   there forever. Tenant Nathan's emails to Hirsh state, among other things, in pertinent part:

23         1. October 5, 2016 email: **"We are so grateful for our time at the**

24   **house"** and **"We love the house;"**

25         2. November 30, 2016 email: **"We love living here and are**

26   **grateful"** and **"We would love to live here forever;"** and,

27         3. January 4, 2018 email: **"We have fond memories of living in the**

28   **house on Indiana and want to continue that feeling tone. Hoping to resolve this with**

**Exhibit 1
Page 14**

1   **you to continue a long relationship."**

2        These emails evidence that Tenant Nathan and Tenant Ariana's habitability

3   allegations were false and contrived, because 'abused tenants' who have suffered

4   unihabitability issues do not write glowing and loving emails to their landlord about how

5   wonderful their alleged uninhabitable leasehold property is!

6          c. Tenants never made any habitability complaint to any governmental

7   entity at any time, and no governmental entity ever contacted Hirsh, Modim or LG about

8   any habitability issue, **since none ever existed;**

9          d. LG, Modim and Hirsh never had knowledge of any habitability issue at

10   any time, **since none ever existed;**

11          e. Tenant Nathan and Tenant Ariana sued the wrong party by suing Hirsh

12   and not LG. Hirsh had not owned the Property for over 5 ½ years, i.e. since October 23,

13   2012. Tenants were repeatedly notified/informed that Hirsh did not own the Property;

14          f. Assuming *arguendo* that Hirsh engaged in any wrongful conduct in his

15   capacity as a landlord, any claim against Hirsh was time barred, since over four years had

16   passed since Hirsh owned the Property from the time that the Tenant Case was filed;

17          g. On May 9, 2018, the Superior Court granted Hirsh's CCP Section 425.16

18   anti-SLAPP motion as to third cause action by striking it in its entirety, other than

19   emotional distress damages relating to alleged unihabitability; and,

20          h. Since the Lease never terminated, the fourth  cause of action for violation

21   of Civil Code Section 1950.5, i.e. the security deposit statute could not lie. A tenant's

22   "walking out" on a pending lease does not terminate his/her/its obligation to pay rent

23   under a lease. Lease termination is a prerequisite to trigger Civil Code Section 1950.5.

24   Since the Lease never terminated, the fourth cause of action was meritless.

25        42. At all relevant times, Travelers was aware of the above pled facts, because

26   Hirsh imparted them to Travelers on multiple occasions.

27        43. Upon being served with process in the Tenant Case, Hirsh hired Attorney Judy

28   Kim ("Kim") to defend him in the Tenant Case at her customary hourly rate of $500.00

**Exhibit 1
Page 15**

1  per hour, which, included her filing a successful

2  anti-SLAPP motion that struck the Tenant Case's third cause of action for IIED, as pled

3  in paragraph 42(g) above.

**THE MERITORIOUS LANDLORD CASE AND OTHER**

**PROCEDURAL EVENTS.**

6      44. On or about April 13, 2018, LG filed a cross-complaint ("the XC") in the

7  Tenant Case, which, among other things, sued Tenants for breach of the Lease, including:

8  unpaid rent, late fees and other related incidental and consequential damages for Tenants

9  "walking out" on the Lease, and for physical damages to the Property beyond ordinary

10  wear and tear ("LG's Requested Relief").

11      45. At all times, the Tenant Case and the XC were factually and legally

12  intertwined.

13      46. After the XC was filed, Pollack demanded that LG dismiss it, because,

14  'pursuant to CCP Section 428.50, LG did not have standing to file the XC, since it was

15  not an existing party in the Tenant Case.'

16      47. Pursuant to Pollack's demand, on or about May 8, 2018, LG filed a Request for

17  Dismissal of the XC without prejudice, which caused the XC to be dismissed without

18  prejudice.

19      48. On or about April 20, 2018, LG sued Tenants, in litigation entitled *Lake,*

20  *George, LLC v. Nathan Blumenfeld-James, et. al., LASC Case No. SC 129158* ("the

21  Landlord Case") for LG's Requested Relief. The Landlord Case was venued in the West

22  District of the Los Angeles Superior Court

23      49. At all relevant times, Hirsh and Kim represented LG in the Landlord Case at its

24  attorneys at their respective customary hourly rates of $500.00 per hour.

25      50. The Tenant Case and the Landlord Case were factually and legally intertwined:

26  they shall collectively be referred to herein as "the Intertwined Cases." The Intertwined

27  Cases were completely intertwined, because, among other things:

28          a. the claims and defenses in both cases, including offset, were applicable to

11

COMPLAINT

**Exhibit 1
Page 16**

1  both cases;

2      b. LG's affirmative claims against Tenants in the Landlord Case comprise

3  Hirsh's offset affirmative defense in the Tenant Case in Hirsh's capacity as LG's agent;

4      c. Tenants' affirmative claims against Hirsh in the Tenant Case comprise

5  Tenants' offset affirmative defense claims against LG in the Landlord Case; and,

6      d. Discovery in each of the Intertwined Cases was applicable, relevant, and

7  admissible to the other case.

8      51. Tenant Nathan and Tenant Ariana took discovery relating to the Tenant Case in

9  the Landlord Case.

10     52. At a May 8, 2018 hearing, the court stated, among other things, that it intended

11  to fully consolidate the Intertwined Cases.

12     53. On or about May 10, 2018, LG and Hirsh filed a Notices of Related Case,

13  respectively, in the Tenant Case, and the Landlord Case.

14     54. On May 15, 2018, the court, via a minute order, ordered the Intertwined Cases

15  related.

16  **HIRSH'S TENDERED THE TENANT CASE TO TRAVELERS**

17     55. On or about May 8, 2018, Hirsh telephoned Travelers and requested that it

18  provide him with an indemnication and a defense in the Tenant Case under the Policy.

19     56. On May 9, 2019, Hirsh learned that Travelers had assigned non-party Eric

20  Shuman ("Shuman") as the adjustor to the Tenant Case.

21  **HIRSH TIMELY COMMUNICATED ALL GERMANE FACTS AND**

22  **PROCEDURAL EVENTS TO TRAVELERS IN THE**

23  **INTERTWINED CASES.**

24     57. On or about May 9, 10, and 15, 2018, Hirsh extensively and in great detail

25  imparted to Shuman the above pled facts and the Intertwined Cases' underlying facts,

26  strategy, and procedural status, including:

27      a. the Lease;

28      b. how and why the Intertwined Cases' facts and legal issues were

12
COMPLAINT

Exhibit 1
Page 17

1    completely intertwined, including:

2            1. discovery taken in either of the Intertwined Cases could and would

3    be used in the other case; and,

4            2. the same facts supporting Hirsh's answer's general denial and

5    offset affirmative defense in the Tenant Case were identical to those supporting the

6    Landlord Case's causes of action for affirmative monetary relief, and vice versa;

7         c. the value of the Landlord Case, as pled above;

8         d. Hirsh's anticipated recovery of his attorney's fees incurred in defense of

9    the Tenant Case based upon the Lease's attorney's fees provision; and,

10         e. LG's anticipated recovery of its attorney's fees in the Landlord Case.

11    58. On or about May 15, 2018, Hirsh learned that Travelers had replaced Shuman

12    as its adjustor in the Tenant Case with non-party Travelers adjustor Robert Fasching

13    ("Fasching").

14    59. From on or about May 15, 2018 through in or about June, 2018, Hirsh and

15    Fasching had many conversations about the Intertwined Cases and their complete

16    background, including the above pled matters in this complaint.

17    60. During several conversations between Hirsh and Fasching in May and early

18    June, 2018, Fasching told Hirsh that:

19         a. Travelers anticipated providing Hirsh with a defense to the Tenant Case;

20         b. Travelers would be sending Hirsh a coverage letter stating its coverage

21    positions; and,

22         c. Hirsh should continue to have Kim defend him at her customary hourly

23    rate of $500.00 per hour in the Tenant Case, and that Travelers would be reimbursing

24    Hirsh for Kim's legal services at her customary hourly rate from the time of Hirsh's tender

25    of the Tenant Case to Travelers.

26    61. On several occasions in June 2018, Hirsh extensively discussed the above pled

27    matters with Fasching's immediate supervisor, i.e. non-party TJ Cody, ("Cody").

28    ///

13

COMPLAINT

Exhibit 1
Page 18

1

## TRAVELERS' RESERVATION OF RIGHTS LETTER

2   62. On or about June 7, 2018, Travelers, via Fasching, emailed Hirsh a coverage

3   letter in response to Hirsh's tender of the Tenant Case, which stated in pertinent part:

4   a. Travelers would provide Hirsh with a defense in the Tenant Case under a

5   full reservation of rights under the Policy;

6   b. Travelers would provide Hirsh with independent counsel pursuant to

7   Civil Code Section 2860 at the rate of $200.00 per hour;

8   c. the independent counsel must adhere to Travelers' policy guidelines[6];

9   and,

10   d. Travelers would not pay any litigation expense of any kind relating to the

11   Landlord Case, even though it is intertwined with the Tenant Case[7].

12   63. Shortly after Hirsh received Travelers' reservation of rights letter, Hirsh

13   telephonically told Fasching that he did not believe that he would be able to find

14   competent, independent counsel to defend him at the rate of $200.00 per hour based upon

15   his initial inquiries. Hirsh requested that Travelers agree to pay independent counsel a

16   higher hourly rate to defend Hirsh in the Tenant Case.

17   64. In response, Fasching refused. Further, Fasching inaccurately told Hirsh that

18   Travelers had never paid any attorney in Los Angeles a rate higher than $200.00 per hour

19   to defend a habitability case.

20   65. In response, Hirsh told Fasching that Travelers had hired him and Lewis,

21   Brisbois Bisgaard & Smith, LLP ("the Lewis Firm") to defend a habitability case in or

22   about 2011, which Hirsh identified by name and case number.

23

## HIRSH WAS UNABLE TO FIND COUNSEL TO DEFEND HIM

24

## AT $200.00 PER HOUR

25   66. From on or about June 7, 2018 through in or about late June, 2018, Hirsh

26   zealously attempted to retain independent counsel to represent him in the Tenant Case at

27

28

---

[6] even though insurer policy guidelines are inapplicable to *Cumis* counsel as a matter of law.

[7] which is also improper as a matter of law.

14

**COMPLAINT**

Exhibit 1
Page 19

1  the rate of $200.00 per hour, but was unable to do so, because each proposed law firm,

2  including: Kleindinst, PC; Murchison & Cumming, LLP; Law Offices of Peter

3  Weinberger; Fischer, Zisblatt & Kiss, LLP; Turner, Aubert & Friedman, LLP; and the

4  Law Offices of Benjamin Taylor, stated its unwillingness to work at the rate of $200.00

5  per hour. Each firm offered to represent Hirsh at a higher rate, which, Hirsh

6  communicated to Fasching, but at all times, despite Hirsh's repeated request for Travelers

7  to increase the hourly attorney rate, Travelers refused to do so.

8      67. Hirsh imparted confidential facts about his dispute with the Tenants and with

9  Travelers to each of the law offices identified in the preceding paragraph.

10     68. During this same time period and within these same conversations, Hirsh also

11  told Fasching that he would agree to be defended by any of Travelers' panel counsel.

12  Hirsh asked Fasching for the names of Travelers' panel counsel. Fasching identified the

13  following firms: Manning & Kass, Ellrod, Ramirez, Trester LLP, Lewis, Koeller Nebeker

14  Carlson Haluck, LLP, the Lewis Firm, and Slaughter, Reagan & Cole.

15     69. Hirsh contacted and consulted with the firms identified in the preceding

16  paragraph. Hirsh imparted confidential facts about his dispute with the Tenants and with

17  Travelers to each of the law offices identified in the preceding paragraph. Each declined

18  to represent Hirsh, with each recognizing the apparent and undisputed conflicts of interest

19  among its firm, Travelers, and Hirsh, especially with respect to Hirsh's stated concerns

20  about Travelers' continuing insurance bad faith conduct.

21     70. During much of June 2018, Hirsh demanded that Travelers find him any

22  competent counsel to defend him in the Tenant Case, but Travelers refused to do so, with

23  Fasching stating that it was not Travelers' responsibility to obtain counsel for Hirsh.

24     71. Travelers $200.00 per hour rate *de facto* denied Hirsh the opportunity to retain

25  independent counsel under Civil Code Section 2860. No reasonable and competent lawyer

26  would work for such a low hourly rate. Hirsh repeatedly communicated this to Fasching.

27     72. The net result of Travelers' coverage position was that Hirsh could not find any

28  counsel to represent him, and Hirsh was forced to continue with Kim, who defended him

15
COMPLAINT

**Exhibit 1**
**Page 20**

1    at her customary hourly rate. Hirsh repeatedly communicated this to Fasching.

2        73. Hirsh repeatedly communicated to Travelers that its unwillingness to raise its

3    hourly rate beyond $200.00 per hour deprived Hirsh of the ability to obtain counsel to

4    represent him in the Tenant Case, and that this constituted insurance bad faith under the

5    Policy.

6        74. On June 19, 2018, Hirsh sent Fasching an email, which stated in pertinent part:

7    "...I have searched for weeks, and I cannot find any competent *Cumis* counsel...at $200.00
per hour. ...I continue to use...Judy Kim to represent/protect me... You and your

8    predecessor adjustor told me that Travelers would reimburse her rate of $500.00 per hour
until Travelers funded counsel replaces her... Today, I received an email from you stating

9    that Travelers will not pay any more than $200.00 per hour....

10    As I told you a few weeks ago, Judy Kim cannot continue to work in this case due to
personal family health matters. She has told me that she has to resign. She has been in the

11    case longer than she wants to be.

12    We have major hearings set for next week, including an existential status conference,
[involving]...major case issues, including consolidation and global discovery agreements

13    will be addressed.

14    Travelers' positions are causing me extreme emotional and physical distress. They are
disturbing my wife greatly too, who is also a member of... [LG] They are disrupting my

15    law business. They are harming my interests in the...[Tenant Case] and related
litigation....I need competent counsel now.

16

17    My preference is that Travelers hire the Klinedinst firm as Cumis counsel and pay it a
proper rate. I need an immediate response....

18    I have other serious concerns with Travelers' reservation of rights positions, which also
comprise insurance bad faith, e.g. Travelers' stated refusal to pay counsel for work in [the

19    Landlord Case], even though the two cases are related and arise out of the same
transactions or occurrences. Today, Mr. Cody told me that Travelers would pay for work

20    in the [Landlord Case]... "if it was relevant to the [Tenant Case]... When I asked to place
this in writing, he refused..."

21

22    I also cannot continue to devote the mega hours per week looking for counsel, which I
have been doing to try to find counsel to work at Travelers' $200.00 per hour rate."

23        75. On or about June 19, 2018, Hirsh spoke with Cody about multiple issues,

24    including: the fact that every attorney whom Hirsh had approached, which included

25    insurance defense counsel, refused to work at $200.00 per hour; and that the Intertwined

26    Cases were completely intertwined. Within this conversation, Hirsh told Cody that

27    Travelers had previously paid Hirsh and/or the Lewis Firm to defend a Los Angeles

28    habitability case at the rate of at least $240.00 per hour. In response, Cody said that if

Exhibit 1
Page 21

1  Hirsh identified the case, Cody would cause Travelers to match the previously paid higher

2  hourly attorney rate. Cody also told Hirsh that if the Landlord Case shared issues with the

3  Tenant Case, Travelers would pay counsel for the work performed in the Landlord Case

4  that affected the Tenant Case.

5      76. On June 20, 2018, Hirsh sent Fasching an email, which stated, in pertinent part:

6  "This email confirms that in no less than seven conversations over the past two months, I
   have told...Shuman,...Cody and you that the related [Intertwined Cases] are completely
7  intertwined, and that, among other things, they involve the same facts, the same discovery
   (the tenants have been taking discovery for the [Tenant Case]... through the...[Landlord
8  Case], the same proofs, and the same work up. I have told everyone that we have/would
   be demanding full discovery and case consolidation. Travelers' written stated position is
9  that it still refuses to pay for... [Tenant Case] captioned work. I remind all that Mr. Cody
   orally promised to pay for... [Landlord Case] captioned work if it was "relevant" to
10 the...[Tenant Case], but he has refused my request to state his positions in writing.

11 Time continues to be of the essence concerning Travelers' providing me counsel...."

12     77. On or about June 21, 2019, Fasching sent Hirsh a false email, which, falsely

13 denied that Cody ever made any of the above pled statements to Hirsh.

14         **TRAVELERS' SETTLEMENT OF THE TENANT CASE ADVERSELY**

15         **IMPACTED HIRSH AND LG'S RIGHTS OF WHICH, AT ALL RELEVANT**

16         **TIMES, TRAVELERS WAS AWARE.**

17     78. As of June 25, 2018, on many occasions, Hirsh had discussed with Fasching:

18         a. the Tenant Case's lack of merit, the underlying evidence, and Hirsh's

19 intent to recover his extensive attorneys fees that he had incurred through Kim by

20 obtaining a verdict against Tenants;

21         b. the Landlord Case's strong merits, the underlying evidence, its value, and

22 LG's intent to recover its extensive attorney's fees that it had incurred through Kim and

23 Hirsh by obtaining a verdict against Tenants;; and,

24         c. LG and Hirsh's intent to cause the Intertwined Cases to be fully

25 consolidated, which, the court had stated that it intended to order.

26     79. Hirsh remains responsible for Kim's attorney's fees and costs in the Tenant

27 Case regardless of how the Tenant Case resolved.

28     80. LG is responsible for Kim and Hirsh's attorney's fees and costs in the Landlord

**Exhibit 1
Page 22**

1   Case regardless of how the Landlord Case resolved.

2        81. In the Tenant Case, Hirsh always intended to seek recovery of Kim's attorney's

3   fees and costs from Tenant Nathan and Tenant Ariana as the prevailing party, which,

4   Hirsh stated to Fasching on multiple occasions.

5        82. In the Landlord Case, Hirsh and LG always intended to seek recovery of Kim

6   and Hirsh's attorney's fees and costs, respectively from Tenants as the prevailing parties,

7   which, Hirsh stated to Fasching on multiple occasions.

8        83. On or about June 25, 2018, Fasching sent Hirsh an email stating that Travelers

9   had negotiated a settlement in the Tenant Case, whereby Travelers would be paying

10   Tenant Nathan and Tenant Ariana the sum of $100,000.00 in consideration of releases for

11   Hirsh and LG, among others in the Tenant Case ("the Tenant Case Settlement"").

12   Travelers' email also stated that 'Hirsh could suspend·his search for independent counsel

13   to replace Kim in the Tenant Case.'

14        84. *Barney v. Aetna Casualty. & Surety. Co.,* (1989) 185 Cal. App. 3d 966-977

15   holds that in settling a case, an insurer does not have the right to foreclose and harm its

16   insureds' rights against other parties.

17        85. The Tenant Case Settlement's terms adversely impacted Hirsh and LG's rights

18   in the Tenant Case and the Landlord Case in violation of *Barney v. Aetna Casualty. &*

19   *Surety. Co.*

20        86. In providing Hirsh with notice of the Tenant Case Settlement, Travelers

21   inaccurately stated that the Tenant Case Settlement did not impact LG's rights in the

22   Landlord Case, which it adversely did in violation of *Barney v. Aetna Casualty. & Surety.*

23   *Co.,* as pled below.

24        87. Travelers negotiated the Tenant Case Settlement without Hirsh's knowledge,

25   input or agreement, because it did not care whether the Tenant Case Settlement adversely

26   impacted Hirsh and LG's rights.

27        88. Before any settlement agreement with Tenant Nathan and Tenant Ariana was

28   executed in the Tenant Case, on multiple occasions in late June and early July, 2018,

Exhibit 1
Page 23

1    Hirsh communicated to Fasching that the Tenant Case Settlement, if entered into by

2    Travelers, would adversely affect Hirsh and LG's rights, especially those relating to the

3    issue of attorney's fees and costs in the Intertwined Cases, because Travelers' payment of

4    $100,000.00 to Tenant Nathan and Tenant Ariana would:

5                a. make them "prevailing parties" in the Tenant Case, since they

6    accomplished their goals by obtaining a favorable monetary recovery;

7                b. making them "prevailing parties" in the Landlord Case, because, even

8    when viewing the Landlord Case aggressively, "LG's damages in the Landlord Case were

9    less than half of $100,000.00 that Travelers paid Tenants to obtain a release in the Tenant

10   Case.

11   89. On or about July 2, 2019, Hirsh sent Fasching an email, which states, in

12   pertinent part, that no rights were being waived by LG and him against Travelers for its

13   settling the Tenant Case for $100,000.00. This email was sent before the Tenant Case

14   Settlement was entered into by its parties.

15   90. On or about July 9, 2018, Travelers entered into the Tenant Case Settlement

16   with Tenant Nathan and Tenant Ariana, by Travelers obtaining a release ("the Release")

17   from them, which states, in pertinent part, that upon their receipt of $100,000.00, they will

18   dismiss their claims pled against Hirsh in the Tenant Case.

19   91. The Tenant Case Settlement adversely affected Hirsh's rights in the meritless

20   Tenant Case by preventing him from recovering his incurred attorney's fees and costs

21   against Tenant Nathan and Tenant Ariana, because the latters were the prevailing parties

22   as a result of their accomplishing their litigation goals and obtaining $100,000.00 via the

23   Tenant Case Settlement.

24   92. The Tenant Case Settlement adversely affected LG's rights in the Landlord

25   Case by forcing LG to settle and abandon its incurred attorney's fees and costs claims.

26   The Landlord Case was never worth anything close to $100,000.00. If LG had obtained a

27   judgment against Tenants in the Landlord Case as part of the Intertwined Cases, Tenant

28   Nathan and Tenant Ariana would have successfully argued that they were the prevailing

Exhibit 1
Page 24

1   parties, because their side recovered $100,000.00, which, LG could never have hoped to

2   obtain in the Landlord Case, even if LG prevailed on every one of its claims.

3         93. Further, at all relevant times, Tenant Nathan and Tenant Ariana alleged that LG

4   was Hirsh's alter ego. Although Plaintiffs' believe that they would have defeated the

5   "alter ego" claim, there was still a reasonable risk that a trier of fact could have concluded

6   that LG was Hirsh's alter ego based upon certain evidence. Hirsh and LG were not

7   prepared to run this risk. This issue never would have presented itself to LG, but for

8   Travelers paying Tenant Nathan and Tenant Ariana $100,000.00 in the Tenant Case

9   Settlement, which is a far greater sum than LG could have recovered in the far lower

10   value Landlord Case.

11        94. By Travelers paying Tenant Nathan and Tenant Ariana $100,000.00, LG was

12   forced to settle the Landlord Case, which it did, for its near fair value, but in doing so, it

13   was forced to abandon its substantial, incurred attorney's fees and costs that it owed Kim

14   and Hirsh that it would have recovered at the Landlord Case's conclusion. The Landlord

15   Case was an easy case for LG to win, because it sought recovery of unpaid rent and late

16   fees where LG held a signed written lease by Tenants, and it sought damages for Tenants'

17   damages to the Property beyond ordinary wear and tear.

18        95. If the Tenant Case Settlement had not taken place, LG would not have had to

19   face this quandary, because it would have been the prevailing party in the meritorious

20   Landlord Case.

21        96. The Release comprising the Tenant Case Settlement further harmed LG and

22   Hirsh as follows:

23          a. it did not prevent Tenant Nathan and Tenant Ariana from interposing their

24   claims pled in the Tenant Case as affirmative defenses against Hirsh and LG (e.g. offset)

25   in the Landlord Case;

26          b. it did not release any right by Tenant Nathan and Tenant Ariana

27   pertaining to Hirsh's attorney's fees in the Landlord Case, which, in effect, doomed LG's

28   claims to attorney's fees in the Landlord Case;

Exhibit 1
Page 25

1         c. it wrongfully stated that Hirsh released his rights to attorney's fees against

2 Tenant Nathan and Tenant Ariana in the Tenant Case; and,

3           d. it did not contain a confidentiality provision, thus inviting other LG

4 tenants to view LG as a "soft defendant", thus inviting future lawsuits against it.

5       97. LG and Hirsh never saw the Release until it was finalized and executed.

6 Travelers never consulted with LG or Hirsh concerning the Release.

7       98. Travelers entered into the Tenant Case Settlement and obtained the Release for

8 its benefit Among other things, in entering into the Tenant Case Settlement, Travelers did

9 so in order to attempt to:

10         a. extricate itself from its insurance bad position arising out of its

11 *de facto* not providing Hirsh with independent counsel to defend him in the Tenant Case;

12       · b. avoid having to pay for counsel to represent LG in the Landlord Case to

13 the extent that it addressed issues that directly impacted the Tenant Case; and,

14        c. other above pled conduct relating to the Intertwined Cases.

15       99. On or about July 18, 2018, Tenant Nathan and Tenant Ariana filed a Request

16 for Dismissal with prejudice of the Tenant Case that led to its dismissal.

17       100. Plaintiffs do not dispute that Travelers had the legal right to enter into the

18 Tenant Case Settlement without Hirsh's knowledge, input or agreement, no matter how

19 silly its terms were (i.e. it paid $100,00.00 to Tenant Nathan and Tenant Ariana to settle

20 the meritless Tenant Case, which would have been defensed for the above pled reasons

21 had it been taken to trial) as long as Travelers took steps that Plaintiffs' interests would

22 not be harmed by it. However, in settling the Tenants Case as it did, Travelers failed to

23 take any steps to protect Plaintiffs' interests, which were significantly harmed by the

24 Tenant Case Settlement.

25 ///

26 ///

27 ///

28 ///

Exhibit 1
Page 26

1  **ON NOVEMBER 7, 2018, HIRSH AND LG SUBMITTED THEIR ATTORNEY'S**

2  **FEES BILLS TO TRAVELERS, A LARGE PART OF WHICH, TRAVELERS**

3  **WRONGFULLY REFUSED TO PAY, AND CONTINUES TO WRONGFULLY**

4  **REFUSE TO PAY.**

5  **a. The Attorney Kim Tenant Case Time**

6      101. On November 7, 2018, Hirsh forwarded to Travelers a statement in the sum of

7  $163,150.00 for Kim's time incurred in the Tenant Case, i.e. 326.3 hours @ $500.00 per

8  hour ("Attorney Kim Tenant Case Time").

9      102. The Attorney Kim Tenant Case Time for $163,150.00 is calculated as follows:

10          a. Pre-tender of the Tenant Case's (i.e. before May 8, 2018) attorney's fees

11  of $41,400.00, i.e. 82.4 hours @ $500.00 per hour. This time was incurred from March 7,

12  2018 through April 30, 2018. Travelers paid nothing toward this time, which Travelers

13  confirmed in its January 17, 2019 explanation of payments letter;

14          b. Post-tender of the Tenant Case's (i.e. on or about May 8, 2018) attorney's

15  fees of $121,750.00, i.e. 247.3[8] hours @ $500.00 per hour. This time was incurred from

16  May 8, 2018 through July 23, 2018. Travelers paid $88,130.00 against the 247.3 claimed

17  hours, which it calculates as follows, as confirmed in its January 17, 2019 explanation of

18  payments letter:

19          1. from May 8, 2018-June 7, 2018, which, Travelers' January 17,

20  2019 explanation of payments letter calculates to be 128.9[9] hours, Travelers paid

21  $64,450.00 @ $500.00 per hour. There is no dispute among the parties concerning this

22  payment, since Travelers did not dispute any of the claimed time; and,

23          2. from June 8, 2018-July 23, 2018, which, Travelers' January 17,

24  2019 explanation of payments letter calculates to be 118.4[10] hours, Travelers paid

25

26      [8] The complaint adopts Travelers' mathematical calculations for these hours, which are summarized in its January 17, 2019 explanation of payments letter.

27

28      [9] *Id.*

        [10] *Id.*

22

**COMPLAINT**

Exhibit 1
Page 27

1   $23,680.00 at the rate of $200.00 per hour.

2      103. Travelers wrongfully refused to reimburse Hirsh for the pre-tender of the

3 Tenant Case pled in paragraph 102(a) above. All pre-tender bills should have been paid,

4 because Hirsh was unable to collect his attorney's fees incurred in his defense of the

5 Tenant Case due to the Tenant Case Settlement, which made Tenant Nathan and Tenant

6 Ariana the prevailing parties, because they accomplished their litigation goals against

7 Hirsh by obtaining a $100,000.00 settlement. Hirsh, as the non-prevailing party, cannot

8 recover his attorney's fees as a result of the Tenant Case Settlement. Further, even if Hirsh

9 himself, in his own name, and in his capacity as LG's agent, would have cross-

10 complained on LG's behalf for the amounts that Tenant Nathan and Tenant Ariana owed

11 LG, Hirsh could not have been the prevailing party, because any damages eventually

12 recovered against Tenants for their wrongful conduct could never come close to

13 approaching $100,000.00, i.e. the amount of the Tenant Case Settlement.

14      104. The Tenant Case Settlement adversely affected Hirsh's rights against Tenant

15 Nathan and Tenant Ariana in derogation of *Barney v. Aetna Casualty. & Surety. Co.*

16      105. Travelers wrongfully refused to consider Hirsh or LG's rights against Tenant

17 Nathan and Tenant Ariana when it made the the Tenant Case Settlement with Tenant

18 Nathan and Tenant Ariana, in which, Travelers refused to allow LG and Hirsh to have any

19 input.

20      106. Separate and apart from the allegations in the preceding paragraph, with

21 respect for the time alleged in paragraph 102(b)(2) above, Travelers' wrongfully

22 reimbursed Kim's time from June 8, 2018-July 23, 2018 @ $200.00 per hour instead of

23 $500.00 per hour for a total of $23,680.00 instead of $59,200.00 for a difference of

24 $35,520.00.Travelers was required to compensate Hirsh for this time @ $500.00 per hour.

25 Travelers never hired Kim to be Hirsh's Civil Code Section 2860(a) independent counsel.

26      107. Thus, for the Attorney Kim Tenant Case Time, Travelers wrongfully failed to

27 pay Hirsh the sum of $76,720.00, i.e. $41,400.00 per paragraph 102(a), above, and

28 $35,520.00 per paragraph 106, above.

**Exhibit 1
Page 28**

**b. The Attorney Hirsh Landlord Case Time**

108. On November 7, 2018, LG demanded that Travelers reimburse it for Hirsh's attorney's fees incurred by LG in the intertwined Landlord Case, which totaled $95,650.00, i.e. 191.3 hours @ $500 per hour. The $95,650.00 figure also included 9.8 hours, i.e. $4,900.00 from November 27, 2017 to January 28, 2018, which occurred before Tenants' January 29, 2019 Lease repudiation.

109. Further analysis has led LG to withdraw the previously requested sum of $4,900.00 from its demand to Travelers for reimbursement for Attorney Hirsh's time in defending LG in the Landlord Case, thus reducing LG's demand to $90,750.00 ("the Attorney Hirsh Landlord Case Time").

110. The Attorney Hirsh Landlord Case Time of $90,750.00, which comprises 181.5 hours (after subtracting the pre-Lease repudiation 9.8 hours) @ $500.00 per hour is calculated as follows:

a. From the January 29, 2018 Tenant Nathan and Tenant Ariana Lease repudiation to the May 8, 2018 Tender of Tenant Case: $15,250.00, i.e. 30.5 hours @ $500.00 per hour. Travelers paid nothing for this time as confirmed in its January 17, 2019 explanation of payments letter; and,

b. From May 8, 2018[11] through September 11, 2018, i.e. near the conclusion of the Landlord Case, $75,500.00, i.e. 151.0 hours @ $500.00 per hour. Travelers paid nothing for this time as confirmed in its January 17, 2019 explanation of payments letter.

111. Thus, for the Attorney Hirsh Landlord Case Time, Travelers wrongfully failed to pay LG the sum of $90,750.00, i.e. $15,250.00 per paragraph 110(a), above, and $75,500.00 per paragraph 110(b), above.

112. Travelers wrongfully refused to reimburse LG for the Attorney Hirsh hourly fees that it incurred in the Landlord Case as pled in paragraphs 108-111 above.

113. These bills should have been paid, because LG was unable to collect its attorney's fees due to the Tenant Case Settlement, which made Tenant Nathan and Tenant

---

[11]Hirsh billed no time on the Landlord Case from April 23, 2018 through May 7, 2018.

24

**COMPLAINT**

**Exhibit 1
Page 29**

1    Ariana the prevailing parties in this intertwined litigation, because Tenant Nathan and

2    Tenant Ariana accomplished their litigation goals by obtaining a $100,000.00 settlement

3    in the Tenant Case via the Tenant Case Settlement.

4        114. LG, as the non-prevailing party, cannot recover its attorney's fees as a result

5    of the Tenant Case Settlement.

6        115. Even if LG had managed to become a party in the Tenant Case, since LG was

7    the "real party in interest", and since LG's damages against Tenant Ariana and Tenant

8    Nathan never approached $100,000.00, LG could never have been the prevailing party,

9    because the $100,000.00 settlement vastly exceeded any recovery that LG could ever

10    receive as its damages in the Landlord Case.

11        116. While Travelers had the right to settle the Tenant Case in its discretion, in

12    doing so, it had the duty to protect LG's interests pursuant to *Barney v. Aetna Casualty. &*

13    *Surety. Co.*, which it failed to do. Instead, Travelers settled the meritless Tenant Case for

14    $100,000.00 and in doing so, destroyed LG's rights to recover its attorney's fees in the

15    Landlord Case, because it could never be the prevailing party, since the $100,000.00

16    Tenant Case Settlement vastly exceeded any damages amount that LG could ever expect

17    to recover in the Tenant Case.

18        117. Separate and apart from the above pled reasons, Travelers should have

19    compensated LG for all of the Attorney Hirsh Landlord Case Time, because as pled in

20    paragraphs 50-54, above, the Intertwined Cases were completely factually and legally

21    intertwined. All work performed in the Landlord Case was applicable to the Tenant Case.

22        118. Thus, for the Attorney Hirsh Landlord Tenant Case Time, Travelers

23    wrongfully failed to pay LG the sum of $90,750.00.

24    **c. The Attorney Kim Landlord Case Time**

25        119. On November 7, 2018, LG demanded that Travelers reimburse it for Kim's

26    attorney's fees incurred by LG in the intertwined Landlord Case, which totaled

27    $85,850.00, i.e. 171.7 hours @ $500 per hour ("the Attorney Kim Landlord Case Time").

28    The Attorney Kim Landlord Case Time occurred after the Tenants' January 29, 2019

Exhibit 1
Page 30

1  Lease repudiation.

2     120. The Attorney Kim Landlord Case Time is calculated as follows:

3       a. From the January 29, 2018 Tenant Nathan and Tenant Ariana Lease

4  Repudiation to the May 8, 2018 (sic)[12] Tender of Tenant Case: $41,200.00, i.e. 82.4 hours

5  @ $500.00 per hour. Travelers paid nothing for this time as confirmed in its January 17,

6  2019 explanation of payments letter; and,

7       b. From May 8, 2018 (sic)[13] through September 27, 2018, i.e. the conclusion

8  of the Landlord Case, $44,650.00, i.e. 151.0 hours @ $500.00 per hour. Travelers paid

9  nothing for this time as confirmed in its January 17, 2019 explanation of payments letter.

10     121. Thus, for the Attorney Kim Landlord Case Time, Travelers wrongfully failed

11  to pay LG the sum of $85,850.00 per paragraphs 119 and 120, above.

12     122. These bills should have been paid, because LG was unable to collect its

13  attorney's fees due to the Tenant Case Settlement, which made Tenant Nathan and Tenant

14  Ariana the prevailing parties in this intertwined litigation, because Tenant Nathan and

15  Tenant Ariana accomplished their litigation goals by obtaining a $100,000.00 settlement

16  in the Tenant Case via the Tenant Case Settlement.

17     123. LG, as the non-prevailing party, cannot recover its attorney's fees as a result

18  of the Tenant Case Settlement.

19     124. Even if LG had managed to become a party in the Tenant Case, since LG was

20  the "real party in interest", and since LG's damages against Tenant Ariana and Tenant

21  Nathan never approached $100,000.00, LG could never have been the prevailing party,

22  because the $100,000.00 settlement vastly exceeded any recovery that LG could have ever

23  received as its damages in the Landlord Case.

24     125. While Travelers had the right to settle the Tenant Case in its discretion, in

25  doing so, it had the duty to protect LG's interests pursuant to *Barney v. Aetna Casualty. &*

26  *Surety. Co.*, which it failed to do. Instead, Travelers settled the meritless Tenant Case for

27

28

---

[12] The time stopped on March 22,19. There was no time billed from March 23, 2018-May 7, 2018.

[13] Kim billed no time on the Landlord Case from May 8-14, 2018.

Exhibit 1
Page 31

1  $100,000.00 and in doing so, destroyed LG's rights to recover its attorney's fees in the

2  Landlord Case, because it could never be the prevailing party, since the $100,000.00

3  Tenant Case Settlement vastly exceeded any damages amount that LG could ever expect

4  to recover in the Tenant Case.

5    126. Separate and apart from the above pled reasons, Travelers should have

6  compensated LG for all of the Attorney Kim Landlord Case Time, because as pled above

7  in paragraphs 50-54, above, the Intertwined Cases were completely factually and legally

8  intertwined. All work performed in the Landlord Case was applicable to the Tenant Case.

9  **d. All Unpaid Attorney's Fees and Other Harm Caused by Travelers' Wrongful Conduct**

10

11    127. Travelers wrongfully failed to pay the Attorney Kim Tenant Case Time of

$76,720.00, the Attorney Hirsh Landlord Case Time of $90,750.00, and the Attorney Kim

12  Tenant Case Time of $85,850.00, which total $253,320.00.

13

14    128. Travelers further wronged Hirsh and LG in connection with the Tenant Case

Settlement by refusing to make its terms confidential.

15

16    129. Tenant Nathan and Tenant Ariana filed the Tenant Case Settlement with the

court, thus making its terms a matter of public record, and available on-line. This invites

17  future tenants to sue Hirsh and LG for frivolous claims.

18

19    130. Plaintiffs have repeatedly demanded that Travelers to pay them their above

pled incurred attorney's fees, but Travelers wrongfully refuses to do so.

20

21    131. As a result of Travelers' above pled wrongful conduct, Plaintiffs have had to

hire Attorney Jon "Jack L. Henningsen to protect their rights.

22

23    132. Travelers is responsible for reimbursement of Plaintiff's reasonable attorney's

fees in connection with the enforcement and protection of their rights against Travelers in

24  this case.

25  ///

26  ///

27  ///

28

Exhibit 1
Page 32

# FIRST CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing

By Plaintiffs Against Travelers)

133. Plaintiffs repeat and reallege paragraphs 1 through 132, inclusive, and incorporate them herein by this reference.

134. Every contract, including the Initial Lease and its fifth extension has an implied covenant of good faith and fair dealing.

135. Travelers owed Plaintiffs an implied covenant of good faith and fair dealing under the Policy, including providing Plaintiffs with all of their rights due under the Policy.

136. Travelers breached the implied covenant of good faith and fair dealing owed to Plaintiffs by engaging in the above pled conduct, including the following

a. failing to reimburse Plaintiffs for the Attorney Kim Tenant Case Time, the Attorney Hirsh Landlord Case Time, and the the Attorney Kim Landlord Case Time, which was required under the Policy;

b. refusing to provide Hirsh defense counsel to defend him in the Tenant Case as required under the Policy;

c. unreasonably compelling Plaintiffs to incur significant legal fees to protect their rights in the Intertwined Cases, when the Policy required that Travelers pay for these attorney's fees;

d. refusing to authorize sufficient resources for the retention of Civil Code Section 2860 independent counsel to defend Hirsh in the Tenant Case as required under the Policy, thus depriving Hirsh of the benefits of the Policy;

e. failing to protect Plaintiffs' rights under *Barney v. Aetna Casualty. & Surety. Co.* in the manner it settled the Tenant Case;

f. unreasonably failing to conduct a full, fair, and thorough investigation of Plaintiffs' rights that it wrongfully impaired; and,

g. unreasonably failing to give their insureds', i.e. Plaintiffs' interests at least

Exhibit 1
Page 33

1   as much consideration as their own interests.

2      137. Travelers breached its duty of good faith and fair dealing owed to Plaintiffs by

3   other acts or omissions of which Plaintiffs are presently unaware and which will be shown

4   according to proof at the time of trial.

5      138. As an actual and proximate result of Travelers' wrongful conduct, Plaintiffs

6   were compelled to retain legal counsel to obtain the benefits due under the Policy.

7   Travelers is liable to Plaintiffs for those attorney's fees reasonably necessary to obtain the

8   Policy benefits.

9      139. Plaintiffs performed all promises, covenants, and conditions on their part to be

10   performed under the Policy, except those promises, covenants and conditions whose

11   performance is excused by Travelers' wrongful conduct.

12      140. As a further proximate result of Travelers' wrongful conduct, Hirsh suffered

13   physical and emotional distress.

14      141. Travelers' wrongful conduct was undertaken by its corporate officers or

15   managing agents, who were responsible for claims supervision and operations,

16   underwriting, communications, and/or decisions.  This wrongful conduct was undertaken

17   on Travelers' behalf. Travelers had advance knowledge of the actions and conduct of its

18   corporate officers and managing agents, and it ratified, authorized, and approved of such

19   conduct.

20      142. As a proximate result of Travelers' wrongful conduct, Plaintiffs have been

21   damaged in a sum according to proof at time of trial, but in no event less than

22   $2,000,000.00.

23      143. In doing the acts herein alleged, Travelers acted with oppression, fraud, and

24   malice toward Plaintiffs. Travelers' conduct was reprehensible, despicable, and shocks the

25   conscience. Travelers pursued its conduct with a willful and conscious disregard of

26   Plaintiffs's rights and with the intention to deprive Plaintiffs of their legal rights, such as

27   to constitute malice, oppression or fraud pursuant to Civil Code Section 3294. Plaintiffs

28   are entitled to punitive damages in an amount subject to proof from Travelers.

29<br>COMPLAINT

Exhibit 1
Page 34

**SECOND CAUSE OF ACTION**

(Breach of Written Contract By Plaintiffs Against Travelers)

144. Plaintiffs repeat and reallege paragraphs 1 through 132, inclusive, and incorporate them herein by this reference.

145. Travelers breached the Policy by engaging in the above pled wrongful conduct.

146. Plaintiffs performed all promises, covenants, and conditions on their part to be performed under the Policy, except those promises, covenants and conditions whose performance is excused by Travelers' wrongful conduct.

147. As a proximate result of Travelers' wrongful conduct, Plaintiffs have been damaged in a sum according to proof at time of trial, but in no event less than $2,000,000.00.

**THIRD CAUSE OF ACTION**

(Negligence By Plaintiffs Against Malcolm Brown dba Malcolm Brown Insurance Agency and Malcolm Brown)

148. Plaintiffs repeat and reallege paragraphs 1 through 147, inclusive, and incorporate them herein by this reference.

149. Defendant Malcolm Brown ("Malcolm") is and at all relevant times was an insurance broker doing business in Los Angeles, California under the fictitious business name of Malcolm Brown Insurance Agency ("Agency").

150. In the alternative to the allegations of the preceding paragraph, at all relevant times:

a. Agency is and was an insurance brokerage doing business in Los Angeles California under an unknown business form;

b. Agency is and was owned and controlled by Malcolm as Malcolm's alter ego, because, among other things:

1. there is and has always existed a unity of interest and ownership between Agency and Malcolm such that any separateness has ceased to exist between

30
COMPLAINT

Exhibit 1
Page 35

1 | them;

2 |      2. Malcolm used Agency's asset's for his own personal use;

3 |      3. Malcolm co-mingled Agency's assets with his own;

4 |      4. Malcolm failed to to maintain adequate separate business records

5 | for Agency; and,

6 |      5. Agency was a mere shell, instrumentality, or conduit through

7 | which Malcolm carried on his business in Agency's name exactly as he conducted it

8 | before Agency's formation, and Malcolm exercised complete control and dominance over

9 | Agency to such an extent that any individuality or separateness of Agency as an entity

10 | distinct from Malcolm would sanction fraud and promote injustice.

11 |      151. At all relevant times, Malcolm and Agency were LG's insurance agent(s)

12 | because Malcolm and Agency sold LG the Policy.

13 |      152. At all relevant times, Malcolm and Agency owed Plaintiffs a duty of care

14 | because LG was Malcolm's client and Hirsh was an additional insured under the Policy.

15 |      153. Shortly after Hirsh was served with Tenant Case, i.e. in or about March 2018,

16 | Plaintiffs telephoned Malcolm and Agency several times for the purpose of tendering the

17 | Tenant Case to Travelers and to obtain advice and guidance from Malcolm and Agency.

18 |      154. Malcolm and Agency ignored these phone calls, because as later admitted by

19 | one of Malcolm's workers, Malcolm and Agency believed, albeit incorrectly, as of March

20 | 2018, that they were no longer LG's insurance agent and they no longer owed Plaintiffs a

21 | duty of care, because the Policy was previously sold to LG by Malcolm/Agency employee

22 | who had since left the employ of Malcolm and Agency.

23 |      155. Malcolm and Agency's conduct breached the standard of care that they owed

24 | toward Plaintiffs and was wrongful.

25 |      156. As a proximate result of Malcolm and Agency's wrongful conduct, Plaintiffs

26 | have been damaged in a sum according to proof at time of trial, but no less than

27 | $253,320.00.

28 | ///

Exhibit 1
Page 36

1     **WHEREFORE, Plaintiffs pray for judgment as follows:**

2  **Against Travelers:**

3     1. For compensatory damages in the sum of at least $2,000,000.00;

4     2. For interest thereon at the maximum legal rate;

5     3. For punitive damages subject to proof;

6     4. For costs; and,

7     5. For any other relief that this Court deems just and proper; and,

8  **Against Malcolm and Agency**

9     1. For compensatory damages in the sum of at least $253,320.00;

10     2. For interest thereon at the maximum legal rate;

11     3. For costs; and,

12     4. For any other relief that this Court deems just and proper.

14           GERAGOS & GERAGOS, APC

15           MARK J. GERAGOS

BEN J. MEISELAS

16  Dated: December 10, 2019

17           By: Ben. J. Meiselas

18           Attorneys for Plaintiffs Lake George, LLC

19           and Robert W. Hirsh

32

**COMPLAINT**

**Exhibit 1
Page 37**

# EXHIBIT "2"

Exhibit 2
Page 38



# Notice of Service of Process

**Primary Contact:** Pamela Beyer
The Travelers Companies, Inc.
385 Washington St
# 9275-LC12L
Saint Paul, MN 55102-1309

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America<br>Entity ID Number  2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of America |
| **Title of Action:** | Lake George LLC vs. Travelers Insurance Casualty Insurance Company of America |
| **Matter Name/ID:** | Lake George, LLC vs. Travelers Casualty Insurance Company of America (9895855) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19SMCV02196 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/03/2020 |
| **Answer or Appearance Due:** | 30  days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Ben J Meiselas<br>213-625-3900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Exhibit 2**
**Page 39**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/26/2019 09:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Watson, Deputy Clerk
19SMCV02196

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRAVELERS CASUALTY INSURANCE (Additional Parties Attachment Form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKE GEORGE, LLC AND ROBERT W. HIRSH

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  LOS ANGELES SUPERIOR COURT | 19SMCV02196 |

Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ben J. Meiselas, Geragos & Geragos, APC, 644 South Figueroa Street, Los Angeles, CA 90017-3411. 213.625-3900

| DATE: *(Fecha)* 12/26/2019 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* Stacey Watson | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TRAVELERS CASUALTY INSURANCE COMPANY OF America
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

**Exhibit 2**
**Page 40**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lake George, LLC, et al. v. Travelers Casualty Insurance, et al. | 19SMCV02196 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

| | Plaintiff | ✓ | Defendant | | Cross-Complainant | | Cross-Defendant |

COMPANY OF AMERICA; MALCOLM BROWN dba MALCOLM BROWN INSURANCE AGENCY; MALCOLM BROWN INSURANCE AGENCY AND DOES 1-10, inclusive

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**Exhibit 2**
**Page 41**

# EXHIBIT "5"

Exhibit 5
Page 42

ctronically FILED by Superior Court of California, County of Los Angeles on 12/20/2019 03:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ben J. Meiselas (SBN 277412)<br>Geragos & Geragos, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017-3411<br>TELEPHONE NO.: 213-625-3900    FAX NO.: 213-232-3255<br>ATTORNEY FOR *(Name):* Lake George, LLC, et al., Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
Lake George, LLC, et al. v. Travelers Casualty Insurance Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 19SMCV02196<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [✓] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2019

Ben Meiselas
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**Exhibit 1**
**Page 43**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit 5**
**Page 44**

| SHORT TITLE: Lake George, LLC, et al. v. Travelers Casualty Insurance, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

**Exhibit 5**
**Page 45**

| SHORT TITLE: Lake George, LLC, et al. v. Travelers Casualty Insurance, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

**Exhibit 5
Page 46**

| SHORT TITLE: Lake George, LLC, et al. v. Travelers Casualty Insurance, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3

**Exhibit 5<br>Page 47**

| SHORT TITLE: Lake George, LLC, et al. v. Travelers Casualty Insurance, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 1012 Indiana Court |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Venice | CA | 90291 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 19, 2019

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**Exhibit 5
Page 48**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/20/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Brian McClendon _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19SMCV02196 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Mark A. Young | M | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _12/23/2019_
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _Brian McClendon_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit 5**
**Page 49**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit 5**
**Page 50**

<table>
<tr><td colspan="2">

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Santa Monica Courthouse
1725 Main Street, Santa Monica, CA 90401

PLAINTIFF:
LAKE GEORGE, LLC et al

DEFENDANT:
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/23/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Brian McClendon_____ Deputy

</td></tr>
<tr><td>

**NOTICE OF CASE MANAGEMENT CONFERENCE**

</td><td>

CASE NUMBER:
19SMCV02196

</td></tr>
</table>

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 06/22/2020 | Time: 8:30 AM | Dept.: M |
|---|---|---|

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __12/23/2019__

_____Mark A. Young / Judge_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Santa Monica__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

BENJAMIN JARED MEISELAS
644 South Figueroa Street
Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/23/2019__

By __Brian McClendon__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

**Exhibit 5
Page 51**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/23/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:_____Brian McClendon_____ Deputy |
| PLAINTIFF/PETITIONER:<br>LAKE GEORGE, LLC  et al | |
| DEFENDANT/RESPONDENT:<br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19SMCV02196 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Santa Monica, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

BENJAMIN JARED MEISELAS
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>12/23/2019</u>

By: <u>  Brian McClendon                            </u>
        Deputy Clerk

**CERTIFICATE OF MAILING**

**Exhibit 5**<br>**Page 52**



## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

**Exhibit 5**
**Page 53**

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   • JAMS, Inc.: Case Manager **(213) 253-9776**  mdawson@jamsadr.com
   • Mediation Center of Los Angeles: Case Manager: **(833) 476-9145**  info@mediationLA.org

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   • Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   • Free or low-cost mediations before the day of trial for these and other case types.
   • For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit:
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website:** www.lacourt.org/division/civil/settlement
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

**Exhibit 5**
**Page 54**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section** ◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

**Exhibit 5**
**Page 55**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):     FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**Exhibit 5**
**Page 56**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)      **STIPULATION – EARLY ORGANIZATIONAL MEETING**      Page 2 of 2
LASC Approved 04/11

**Exhibit 5**
**Page 57**

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY.</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                              Page 1 of 3

**Exhibit 5**
**Page 58**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

 It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**Exhibit 5
Page 59**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

**Exhibit 5**
**Page 60**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**Exhibit 5** <br> **Page 61**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____        ＞ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:    _____        _____
                                                         JUDICIAL OFFICER

**Exhibit 5**
**Page 62**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**Exhibit 5** <br> **Page 63**

January 3, 2020

Electronically FILED by Superior Court of California, County of Los Angeles on 01/03/2020 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Kathy Parenteau, Deputy Clerk

River City Process Service, Inc. fax 9164462573

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BEN MEISELAS | SBN: 277412<br>GERAGOS & GERAGOS<br>644 SOUTH FIGUEROA STREET   LOS ANGELES, CA 90017<br><br>TELEPHONE NO.: (213) 625-3900 | FAX NO. (213) 232-3255 | E-MAIL ADDRESS *(Optional):* james@geragos.com<br>ATTORNEY FOR *(Name):* Plaintiff: | *FOR COURT USE ONLY* |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 1725 MAIN ST.

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA MONICA, CA 90401

BRANCH NAME: SANTA MONICA WEST DISTRICT

| | |
|---|---|
| PLAINTIFF:  LAKE GEORGE , LLC AND ROBERT W. HIRSH | CASE NUMBER: |
| DEFENDANT:  TRAVELERS CASUALTY INSURANCE , et al | 19SMCV02196 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

**\*\* BY FAX \*\***

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION ; NOTICE OF CASE ASSIGNMENT ; NOTICE OF CASE MANAGEMENT CONFERENCE

3. a.  Party served *(specify name of party as shown on documents served):*
   **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC LAWYERS., INC - AGENT FOR SERVICE  - by serving BECKY DEGEORGE**

4. Address where the party was served:  **CSC LAWYERS INC.**
   **2710 Gateway Oaks Dr Ste 150N**
   Sacramento, CA 95833-3502

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **1/3/2020**  (2) at *(time):* **3:55 PM**

   b. ☐  **by substituted service.**  On *(date):* at  *(time):* I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on
      *(date):* from *(city):*                              **or** ☐ a declaration of mailing is attached.

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/152703** |

**Exhibit 5**

| PETITIONER: **LAKE GEORGE , LLC AND ROBERT W. HIRSH** | CASE NUMBER: |
|---|---|
| RESPONDENT: **TRAVELERS CASUALTY INSURANCE , et al** | **19SMCV02196** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
   a. Name: **JOHN E ARNOLD - River City Process Service, Inc.**
   b. Address: **901 H Street, Suite 207  Sacramento, CA 95814**
   c. Telephone number: **(877) 446-2051**
   d. **The fee** for service was: **$ 70.00**
   e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ registered California process server:
        (i) ☑ owner    ☐ employee    ☐ independent contractor.
        (ii) Registration No.: **2015-39**
        (iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/3/2020**

**River City Process Service, Inc.**
**901 H Street, Suite 207**
**Sacramento, CA 95814**
**(877) 446-2051**
**www.rivercityprocessservice.com**

_____
**JOHN E ARNOLD**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2020 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parententeau,Deputy Clerk

1  WESTON & McELVAIN LLP
   Aaron C. Agness (State Bar No. 221943)
2  Edmond Sung (State Bar No. 252445)
   1960 E. Grand Avenue, Suite 400
3  El Segundo, CA  90245
   Telephone: (213) 596-8000
4  Facsimile: (213) 596-8039
   E-mail: aagness@wmattorneys.com
5          esung@wmattorneys.com

6  Attorneys for Defendant
   TRAVELERS PROPERTY CASUALTY INSURANCE
7  COMPANY erroneously sued and served as
   TRAVELERS CASUALTY INSURANCE
8  COMPANY OF AMERICA

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT**

11

12  LAKE GEORGE, LLC AND ROBERT W.      )  CASE NO.  19SMCV02196
    HIRSH,                              )
13                                      )  Assigned to: Judge Mark A. Young,
                  Plaintiff,            )  Dept. M
14                                      )
                                        )  **DEFENDANT TRAVELERS**
15       v.                             )  **PROPERTY CASUALTY INSURANCE**
                                        )  **COMPANY'S ANSWER TO**
16                                      )  **PLAINTIFFS' UNVERIFIED**
    TRAVELERS CASUALTY INSURANCE        )  **COMPLAINT**
17  COMPANY OF AMERICA; MALCOLM         )
    BROWN dba MALCOLM BROWN             )
18  INSURANCE AGENCY; MALCOLM BROWN)
    INSURANCE AGENCY, and DOES 1-10,    )  Action Filed: December 20, 2019
19  inclusive,                          )  Trial Date: None Set
                                        )
20                Defendants.           )
                                        )
21  _____ )

22       Defendant Travelers Property Casualty Insurance Company, erroneously sued and served

23  as Travelers Casualty Insurance Company of America ("Travelers"), on behalf of itself and no

24  other person or entity, hereby answers the allegations of the Complaint of Plaintiffs Lake George,

25  LLC and Robert W. Hirsh ("Plaintiffs") as follows:

26       1.    Pursuant to the provisions of California Code of Civil Procedure § 431.30,

27  Travelers denies each and every allegation contained in the Complaint, and the whole thereof,

28  generally and specifically, including each and every purported cause of action contained therein,

                                     1
                        **ANSWER TO COMPLAINT**

**Exhibit 5**
Page 66

1   and further denies that Plaintiffs have been damaged in the sums alleged, or at all, and denies that

2   Plaintiffs are entitled to any relief from Travelers.

3                           **FIRST AFFIRMATIVE DEFENSE**

4                                 **(Failure to Mitigate)**

5        2.      Plaintiffs have failed to mitigate their damages, if any, and such conduct bars or

6   reduces any recovery sought by Plaintiffs herein.

7                         **SECOND AFFIRMATIVE DEFENSE**

8                                **(Offset)**

9        3.      Without admitting that the subject matter of this paragraph must be pled as an

10   affirmative defense, Travelers alleges that Plaintiffs may not recover from it any amounts for

11   which payments have been made to or are collected by Plaintiffs from any third party defendants

12   or any non-parties, either directly or as a result of assignments, including, but not limited to, any

13   other insurance carrier; and Plaintiffs' recovery, if any, against Travelers must be reduced by the

14   payments that have been made.

15                         **THIRD AFFIRMATIVE DEFENSE**

16            **(Terms, Conditions, and Exclusions of a Policy)**

17        4.      As a separate and affirmative defense to the Complaint, and without admitting that

18   the terms, conditions, limitations, and exclusions of an insurance policy must be pled as an

19   affirmative defense, Travelers alleges that coverage for the claims that are the subject of this

20   action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations

21   and/or exclusions of the subject policy.

22                     **FOURTH AFFIRMATIVE DEFENSE**

23            **(Terms, Conditions, and Exclusions of a Policy)**

24        5.      As a separate and affirmative defense to the Complaint, and without admitting that

25   the terms, conditions, limitations, and exclusions of an insurance policy must be pled as an

26   affirmative defense, Travelers alleges that coverage for the claims that are the subject of this

27   action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations

28   and/or exclusions of the subject policy, including but not limited to the following:

2

**ANSWER TO COMPLAINT**

**Exhibit 5**
**Page 67**

1   **SPECIAL PROVISIONS - CALIFORNIA**

2   (Form HS 01 04 07 13)

3   \*\*\*

4   **SECTION I AND II - CONDITIONS**

5   \*\*\*

6       **9.**    **Concealment or Fraud.**

7           \*\*\*

8           **b.**    With respect to loss caused by a peril other than fire, we

9               provide coverage to no "insureds" under this policy, if

10              whether before or after a loss, an "insured" has:

11              **(1)**    Intentionally concealed or misrepresented any

12                  material fact or circumstance;

13              **(2)**    Engaged in fraudulent conduct; or

14              **(3)**    Made false statements;

15                  relating to this insurance.

16                        **FIFTH AFFIRMATIVE DEFENSE**

17                  **(Terms, Conditions, and Exclusions of a Policy)**

18      6.    As a separate and affirmative defense to the Complaint, and without admitting that

19  the terms, conditions, limitations, and exclusions of an insurance policy must be pled as an

20  affirmative defense, Travelers alleges that coverage for the claims that are the subject of this

21  action are precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations

22  and/or exclusions of the subject policy, including but not limited to the following:

23      **HOMESAVER POLICY**

24      **Rental Dwelling Form 663** (Form HS 663 09 99)

25      **SECTION II - CONDITIONS**

26      \*\*\*

27      **3.**    **Duties After "Occurrence".**  In case of an "occurrence", we

28          have no duty to provide coverage under this policy unless you

3

**ANSWER TO COMPLAINT**

**Exhibit 5**
**Page 68**

1    or another "insured" performs the duties noted below.  You

2    will help us by seeing that these duties are performed.

3    **a.**    Give written notice to us or our agent as soon as is

4    practical, which sets forth:

5    **(1)**    The identity of the policy and the named

6    "insured" shown in the Declarations;

7    **(2)**    Reasonably available information on the time,

8    place and circumstances of the accident or

9    "occurrence"; and

10    **(3)**    Names and addresses of any claimants and

11    witnesses;

12    **b.**    Cooperate with us in the investigation, settlement or

13    defense of any claim or suit;

14    **c.**    Promptly forward to us every notice, demand, summons

15    or other process relating to the "occurrence";

16    **d.**    At our request, help us:

17    **(1)**    To make settlement;

18    **(2)**    To enforce any right of contribution or

19    indemnity against any person or organization

20    who may be liable to an "insured";

21    **(3)**    With the conduct of suits and attend hearings

22    and trials; and

23    **(4)**    To secure and give evidence and obtain the

24    attendance of witnesses;

25    \*\*\*

26    **f.**    No "insured" shall, except at such "insured's" own cost,

27    voluntarily make payment, assume obligation or incur

28

4

**ANSWER TO COMPLAINT**

**Exhibit 5**
**Page 69**

1    expense other than for first aid to others at the time of

2    the "bodily injury".

3    **SIXTH AFFIRMATIVE DEFENSE**

4    **(Estoppel)**

5    7.    Plaintiffs, by virtue of their acts and conduct, including acquiescence, approval and

6    ratification of the acts as alleged against Travelers, is estopped from suing upon the acts alleged

7    against Defendant.

8    **SEVENTH AFFIRMATIVE DEFENSE**

9    **(Waiver)**

10    8.    The Complaint and each cause of action therein are barred by Plaintiffs' waiver of

11    any claim related to the subject matter of the Complaint.

12    **EIGHTH AFFIRMATIVE DEFENSE**

13    **(Laches)**

14    9.    The Complaint and each cause of action therein are barred by the equitable doctrine

15    of laches.

16    **NINTH AFFIRMATIVE DEFENSE**

17    **(Unclean Hands)**

18    10.    Plaintiffs, in this case, have unclean hands in the matters set forth in the Complaint

19    and that conduct extinguishes its right to equitable relief in this action.

20    **TENTH AFFIRMATIVE DEFENSE**

21    **(Apportionment)**

22    11.    Travelers' obligation in connection with the Complaint, if any, must be apportioned

23    among all of the responsible persons, including any additional party or parties that are or may

24    become part of this litigation.

25    **ELEVENTH AFFIRMATIVE DEFENSE**

26    **(Conditions Precedent)**

27    12.    The Complaint, and each cause of action alleged therein, is barred to the extent

28    Plaintiffs failed to satisfy conditions precedent related to the claims set forth in the Complaint.

5

**ANSWER TO COMPLAINT**

Exhibit 5
Page 70

## TWELFTH AFFIRMATIVE DEFENSE

### (Discharge of Duties or Obligations)

13.     Without admitting the existence of any contractual rights, duties, or obligations between Plaintiffs and Travelers, Travelers alleges that it has discharged, by performance, or tender of performance, all contractual duties or obligations on its part to be performed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

14.     Plaintiffs' Complaint is barred by the statute of limitations, including by those contained in sections 337, 338, and 339 of the California Code of Civil Procedure.

WHEREFORE, Defendant Travelers Property Casualty Insurance Company erroneously sued and served as Travelers Casualty Insurance Company of America requests the following:

a.     Plaintiffs take nothing by way of their Complaint;

b.     Travelers be awarded its costs of suit herein; and

c.     For such other and further relief as the Court deems just and proper.

Dated: February 3, 2020

WESTON & McELVAIN LLP

By: _____

Aaron C. Agness
Edmond Sung
Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY erroneously sued
and served as TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA

6

ANSWER TO COMPLAINT

Exhibit 5
Page 71

*Lake George, LLC, et al. v. Travelers Casualty Insurance Company of America, et al.*
Los Angeles County Superior Court, Case No. 19SMCV02196

1 | **PROOF OF SERVICE**

2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3 |      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400,

4 | El Segundo, California 90245.

5 |      On February 3, 2020, I served the foregoing document **DEFENDANT TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS'**

6 | **UNVERIFIED COMPLAINT** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

7 |

8 | Mark J. Geragos                        *Attorneys for Plaintiffs,*
Ben J. Meiselas                            *Lake George, LLC; and, Robert W. Hirsh*

9 | **GERAGOS & GERAGOS, APC**
644 South Figueroa Street
Los Angeles, California 90017

10 | Telephone:    (213) 625-3900
Facsimile:     (213) 625-1600

11 | E-mail:        mark@geragos.com
                ben@geragos.com

12 |

13 | Robert W. Hirsh                      *Attorneys for Plaintiff,*
**ROBERT W. HIRSH & ASSOCIATES**        *Lake George, LLC*

14 | 8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211

15 | Telephone:    (310) 275-7800
Facsimile:     (213) 275-4050
E-mail:        *Unavailable*

16 |

17 | **[X]**     **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

18 | Postal Service on that same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business.  I am aware that on motion of the party served, service is

19 | presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20 |      Executed on February 3, 2020 at El Segundo, California.

21 | [X]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22 |

23 |      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24 |

25 |                                 Regina Macleod

26 |

27 |

28 |

1

PROOF OF SERVICE

**Exhibit 5**
**Page 72**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/05/2020 09:39 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| WESTON & McElvain LLP<br>Aaron C. Agness (SBN 221943)/Edmond Sung (SBN 252445)<br>1960 E. Grand Avenue, Suite 400<br>El Segundo, CA 90245<br><br>TELEPHONE NO.: (213) 596-8000    FAX NO. *(Optional):* (213) 596-8039<br>E-MAIL ADDRESS *(Optional):* esung@wmattorneys.com<br>ATTORNEY FOR *(Name):* Defendant Travelers Property Casualty Insurance Company | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: Lake George, LLC et al.

DEFENDANT/RESPONDENT: Travelers Casualty Insurance Company of America

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER:<br>19SMCV02196 |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 22, 2020    Time: 8:30 a.m.    Dept.: M    Div.:    Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by** *(name):* Edmond Sung

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Defendant Travelers Property Casualty Insurance Company
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      Breach of contract and bad faith as to Defendant Travelers.  Negligence against plaintiffs' insurance broker.

Page 1 of 5

**Exhibit 5
Page 73**

**CM-110**

| PLAINTIFF/PETITIONER: Lake George, LLC et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Company of America | 19SMCV02196 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege that its liability insurer, Travelers, breached the policy by settling a habitability claim filed by Plaintiff's former tenant. Plaintiffs allege that Travelers is required to pay for additional defense fees beyond the Cumis rates approved by Travelers. Plaintiffs further contend that Travelers was required to fund Plaintiffs' affirmative claims against the tenants in a separate suit. Travelers denies Plaintiffs' claims and contends that all benefits have been paid.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

a.   The party or parties request  ☒  a jury trial  ☐  a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐  The trial has been set for *(date):*

b.   ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Weeks of September 22, 2020, October 19, 2020, November 2, 2020, March 15, 2021, and April 5, 2021 (trials)

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒  days *(specify number):* 4-5

b.   ☐  hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:          f.   Fax number:

e.   E-mail address:          g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel  ☒  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**Exhibit 5**
**Page 74**

**CM-110**

| PLAINTIFF/PETITIONER: Lake George, LLC et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Company of America | 19SMCV02196 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**Exhibit 5**
**Page 75**

**CM-110**

| PLAINTIFF/PETITIONER: Lake George, LLC et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Company of America | 19SMCV02196 |

11. **Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☒ Coverage issues will significantly affect resolution of this case *(explain):*
     This is an insurance coverage action.

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

     (1) Name of case:

     (2) Name of court:

     (3) Case number:

     (4) Status:

     ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Travelers anticipates filing a motion for summary judgment/summary adjudication.

16. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Travelers | Written discovery | December 2020 |
| Travelers | Depositions | January 2020 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**Exhibit 5**
**Page 76**

**CM-110**

| PLAINTIFF/PETITIONER:  Lake George, LLC et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Travelers Casualty Insurance Company of America | 19SMCV02196 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 5, 2020 _____

Edmond Sung _____

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**Exhibit 5**
**Page 77**

*Lake George, LLC, et al. v. Travelers Casualty Insurance Company of America, et al.*
Los Angeles County Superior Court, Case No. 19SMCV02196

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On June 5, 2020, I served the foregoing document **CASE MANAGEMENT STATEMENT** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Mark J. Geragos | *Attorneys for Plaintiffs,* |
| Ben J. Meiselas | Lake George, LLC; and, Robert W. Hirsh |
| **GERAGOS & GERAGOS, APC** | |
| 644 South Figueroa Street | |
| Los Angeles, California 90017 | |
| Telephone:     (213) 625-3900 | |
| Facsimile:     (213) 625-1600 | |
| E-mail:          mark@geragos.com | |
| ben@geragos.com | |

| | |
|---|---|
| Robert W. Hirsh | *Attorneys for Plaintiff,* |
| **ROBERT W. HIRSH & ASSOCIATES** | Lake George, LLC |
| 8383 Wilshire Boulevard, Suite 510 | |
| Beverly Hills, California 90211 | |
| Telephone:     (310) 275-7800 | |
| Facsimile:     (213) 275-4050 | |
| E-mail:          rhirsh@hirshlaw.com | |

**[X]     BY ELECTRONIC MAIL:**  I caused such document to be transmitted electronically to the attention of the person(s) at the e-mail address(es) listed above.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 5, 2020 at Hawthorne, California.


Regina Macleod

1

**Exhibit 5**
**Page 78**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/05/2020 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ben J. Meiselas, SBN 277412<br>Geragos & Geragos, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br><br>TELEPHONE NO.: 213-625-3900    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West

PLAINTIFF/PETITIONER: Lake George, LLC

DEFENDANT/RESPONDENT: Travelers Casualty Insurance Co. of America

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  [x] UNLIMITED CASE    [ ] LIMITED CASE<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)        or less) | 19SMCV02196 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 22, 2020    Time: 8:30 am    Dept.: M    Div.:    Room:

Address of court (if different from the address above):

[ ] Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [x] This statement is submitted by party (name): Plaintifs Lake George, LLC and Robert Hirsh
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): December 20, 2019
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not): Defendant Malcolm Brown Insurance Agency; due to pandemic
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  [x] complaint    [ ] cross-complaint    (Describe, including causes of action):
      Insurance Bad Faith and Breach of Contract as to Travelers; Negligence as to Malcolm Brown (insurance broker)

**Exhibit 5**
**Page 79**

CM-110

| PLAINTIFF/PETITIONER: Lake George, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Co. of America | 19SMCV02196 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Travelers failed to provide benefits under policy including providing for and paying for legal defenses and violating duties owed to Plaintiffs under Barney v. Aetna Casualty. & Surety. Co., (1989) 185 Cal. App. 3d 966-977

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☒ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):* Lake George, LLC and Robert W. Hirsh

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒ days *(specify number):* 4-5
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                           f.  Fax number:
e.  E-mail address:                                             g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Damages exceed $50,000

**Exhibit 5**
**Page 80**

**CM-110**

| PLAINTIFF/PETITIONER: Lake George, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Co. of America | 19SMCV02196 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**Exhibit 5**
**Page 81**

CM-110

| PLAINTIFF/PETITIONER: Lake George, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Co. of America | 19SMCV02196 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | March 2021 |
| Plaintiffs | Depositions | June 2021 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**Exhibit 5**
**Page 82**

CM-110

| PLAINTIFF/PETITIONER: Lake George, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Casualty Insurance Co. of America | 19SMCV02196 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 5, 2020

Ben J. Meiselas
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**Exhibit 5**
**Page 83**

1

## PROOF OF SERVICE

2  I am over the age of eighteen years and not a party to this action. My business address is
   644 South Figueroa Street, Los Angeles, California. On the date set forth below I served
3  via email, pursuant to an agreement between counsel:

4  **CASE MANAGEMENT STATEMENT**

5  as follows:

6  **Via email: esung@wmattorneys.com**
   Edmund Sung, Esq.
7  1960 E. Grand Avenue, Suite 400
   El Segundo, California 90245

8
   I declare under penalty of perjury under the laws of the State of California that the above
9  is true and correct. Executed in Los Angeles, California on June 5, 2020.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

5
**CASE MANAGEMENT STATEMENT**

**Exhibit 5**
**Page 84**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/05/2020 09:39 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

1    WESTON & McELVAIN LLP
     Aaron C. Agness (State Bar No. 221943)
2    Edmond Sung (State Bar No. 252445)
     1960 E. Grand Avenue, Suite 400
3    El Segundo, CA  90245
     Telephone: (213) 596-8000
4    Facsimile: (213) 596-8039
     E-mail: aagness@wmattorneys.com
5           esung@wmattorneys.com

6    Attorneys for Defendant
     TRAVELERS PROPERTY CASUALTY INSURANCE
7    COMPANY erroneously sued and served as
     TRAVELERS CASUALTY INSURANCE
8    COMPANY OF AMERICA

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT**

12   LAKE GEORGE, LLC AND ROBERT W.      ) CASE NO.  19SMCV02196
     HIRSH,                              )
13                                       ) Assigned to: Judge Mark A. Young,
              Plaintiff,                 ) Dept. M
14                                       )
                                         ) **DEFENDANT TRAVELERS**
15          v.                           ) **PROPERTY CASUALTY INSURANCE**
                                         ) **COMPANY'S NOTICE OF POSTING**
16                                       ) **OF ADVANCE JURY FEES**
     TRAVELERS CASUALTY INSURANCE        )
17   COMPANY OF AMERICA; MALCOLM         )
     BROWN dba MALCOLM                   )
18   BROWN INSURANCE AGENCY; MALCOLM BROWN ) Action Filed: December 20, 2019
     INSURANCE AGENCY, and DOES 1-10,    ) Trial Date: None Set
19   inclusive,                          )
                                         )
20              Defendants.              )
                                         )
21   _____ )

22   / / /

23   / / /

24   / / /

25

26

27

28

                                    1
          **TRAVELERS' NOTICE OF POSTING OF ADVANCE JURY FEES**

**Exhibit 5**
**Page 85**

**TO THE COURT AND PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure section 631(b), Defendant Travelers Property Casualty Insurance Company, erroneously sued and served as Travelers Casualty Insurance Company of America ("Travelers") has tendered advance jury fees in the amount of $150.00.

Dated:  February 3, 2020                    WESTON & McELVAIN LLP

                                     By: _____
                                          Aaron C. Agness
                                          Edmond Sung
                                          Attorneys for Defendant
                                          TRAVELERS PROPERTY CASUALTY
                                          INSURANCE COMPANY erroneously sued
                                          and served as TRAVELERS CASUALTY
                                          INSURANCE COMPANY OF AMERICA

2

**TRAVELERS' NOTICE OF POSTING OF ADVANCE JURY FEES**

**Exhibit 5**
**Page 86**

*Lake George, LLC, et al. v. Travelers Casualty Insurance Company of America, et al.*
Los Angeles County Superior Court, Case No. 19SMCV02196

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On June 5, 2020, I served the foregoing document **DEFENDANT TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY'S NOTICE OF POSTING OF ADVANCE JURY FEES** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Mark J. Geragos | *Attorneys for Plaintiffs,* |
| Ben J. Meiselas | Lake George, LLC; and, Robert W. Hirsh |
| **GERAGOS & GERAGOS, APC** | |

644 South Figueroa Street
Los Angeles, California 90017
Telephone:      (213) 625-3900
Facsimile:       (213) 625-1600
E-mail:            mark@geragos.com
                       ben@geragos.com

Robert W. Hirsh                                        *Attorneys for Plaintiff,*
**ROBERT W. HIRSH & ASSOCIATES**            Lake George, LLC
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone:      (310) 275-7800
Facsimile:       (213) 275-4050
E-mail:            rhirsh@hirshlaw.com

**[X]       BY ELECTRONIC MAIL:**  I caused such document to be transmitted electronically to the attention of the person(s) at the e-mail address(es) listed above.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]       (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 5, 2020 at Hawthorne, California.

Regina Macleod

1

**Exhibit 5
Page 87**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/05/2020 04:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

1  MARK J. GERAGOS SBN 108325
   BEN J. MEISELAS SBN 277412
2  GERAGOS & GERAGOS, APC
   644 South Figueroa Street
3  Los Angeles, California 90017
   Telephone: 213-625-3900
4
   **Attorneys for Plaintiffs Lake George, LLC and Robert W. Hirsh**
5
   ROBERT W. HIRSH, SBN 102731
6  ROBERT W. HIRSH & ASSOCIATES
   8383 Wilshire Boulevard, Suite 510
7  Beverly Hills, California 90211
   Telephone: 310-275-7800
8
   **Attorneys for Plaintiff Lake George, LLC**
9
10                    **SUPERIOR COURT OF CALIFORNIA**

11            **COUNTY OF LOS ANGELES, WEST DISTRICT**

12  **LAKE GEORGE, LLC AND**         )  **CASE NO. 19SMCV02196**
    **ROBERT W. HIRSH,**             )
13                                   )  **PLAINTIFFS' NOTICE OF POSTING**
                Plaintiff,           )  **JURY FEES**
14                                   )
                  v.                 )
15                                   )
    **TRAVELERS CASUALTY**           )
16  **INSURANCE COMPANY OF**         )
    **AMERICA; MALCOLM BROWN**       )
17  **dba MALCOLM BROWN**            )
    **INSURANCE AGENCY;**            )
18  **MALCOLM BROWN INSURANCE**      )
    **AGENCY AND DOES 1-10, inclusive.** )
19                                   )
                Defendants           )
20  _____)

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22      Plaintiffs Lake George LLC and Robert W. Hirsh post jury fees pursuant to CCP

23  Section 631.

24                              GERAGOS & GERAGOS, APC
                                MARK J. GERAGOS
25                              BEN J. MEISELAS

26  Dated: June 5 , 2020
                                By: Ben. J. Meiselas
27
                                Attorneys for Plaintiffs Lake George, LLC
28                              and Robert W. Hirsh

                                  1
                        NOTICE OF POSTING JURY FEES

**Exhibit 5
Page 88**

1    ## PROOF OF SERVICE

2    I am over the age of eighteen years and not a party to this action. My business address is 644 South Figueroa Street, Los Angeles, California. On the date set forth below I served

3    via email, pursuant to an agreement between counsel:

4    **PLAINTIFFS' NOTICE OF POSTING JURY FEES**

5    as follows:

6    **Via email: esung@wmattorneys.com**
     Edmund Sung, Esq.

7    1960 E. Grand Avenue, Suite 400
     El Segundo, California 90245

8
     I declare under penalty of perjury under the laws of the State of California that the above
9    is true and correct. Executed in Los Angeles, California on June 5, 2020.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 5**
**Page 89**